IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY D. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-0655-CV-W-ODS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
AND REMANDING FOR CALCULATION AND AWARD OF BENEFITS**

Plaintiff applied for disability benefits in October 2003, alleging he became disabled on January 29, 2003, due to a combination of post-traumatic stress disorder (PTSD), anxiety, depression, and other mental infirmities. A hearing was held on November 1, 2005, and at the end the ALJ arranged for a mental status exam and other psychological testing. The hearing was resumed on February 7, 2006. Ultimately, the ALJ concluded Plaintiff had no limitations activities of daily living and moderate limitations in the areas of social functioning, concentration, persistence, and pace. "In determining these ratings, the [ALJ] gives substantial weight to the opinions of the State agency psychological consultant, Kathleeen King, Ph.D., on this issue since they are consistent with the evidence in the record as a whole." R. at 22. Based on testimony elicited from a vocational expert, the ALJ determined Plaintiff could not return to his past work, but retained the residual functional capacity to work as a kitchen helper, laundry folder, photocopier, and final assembler. R. at 25. In response to questioning from Plaintiff's attorney, the vocational expert testified that Plaintiff could not work if he was markedly limited in his ability to complete a normal workday or workweek or to perform at a consistent pace.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the

Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Schweiker, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

After reviewing the record, the Court is convinced the Commissioner's final decision is not supported by substantial evidence in the record as a whole. To the contrary, the record establishes Plaintiff is disabled and is entitled to benefits. The Court's conclusion is based on the following:

1. The evidence in the record is inconsistent with the ALJ's findings regarding Plaintiff's credibility and functional capacity. Here, Plaintiff received extensive therapy and medical treatment from doctors at the VA Hospital. For most of the relevant time period, Plaintiff received therapy or treatment every two weeks (and at times weekly), which created rather extensive documentation of Plaintiff's life in this period. These records demonstrate Plaintiff is more than moderately limited in the areas identified by the ALJ in that they depict an individual with significant difficulty handling any degree of stress or responding positively to any authority figure. The alleged inconsistencies are so slight and inconsequential that they cannot overcome the volume of evidence establishing Plaintiff's condition.

Finally, the ALJ's findings about Plaintiff's daily activities do not alter the outcome. Those findings justify the ALJ's determination that Plaintiff had no limitations in daily living, but they are not inconsistent with Plaintiff's testimony (or his treating doctors' opinions) about Plaintiff's ability to perform work-related functions.

2. The ALJ did not accord sufficient weight to Plaintiff's treating physicians. Generally speaking, a treating physician's opinion is entitled to deference. This general rule is not ironclad; a treating physician's opinion may be disregarded if it is

2

Case 4:07-cv-00655-ODS   Document 17   Filed 11/07/08   Page 2 of 3

unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record.  E.g., Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996). Particularly compelling is the February 22, 2005 letter written by Dr. Hemant Thakur, the Director of the VA Hospital's PTSD Program.  R. at 450.  While Plaintiff has been on medication, the Record does not support a conclusion that the medication has been effective; to the contrary, there are ample indications that the medication is not effective. The ALJ was not justified in rejecting the opinions of Plaintiff's treating doctors and therapists in favor of the state agency's psychologist, who did not examine Plaintiff.

Similarly, the consulting expert's opinion does not justify the Commissioner's decision.  Dr. William Breckenridge diagnosed Plaintiff as suffering from PTSD and major depressive disorder, and identified Plaintiff's stressors as "occupational problems-moderate to severe."  He observed Plaintiff to be "extremely anxious."  Plaintiff's performance on the MMPI would have suggested far more serious problems than Plaintiff claimed, and the scores were deemed invalid.  The ALJ attributed this to intentional exaggeration by Plaintiff, but under the facts it is just as likely that Plaintiff's performance was affected by the stress involved in the situation.  Indeed, Dr. Breckenridge noted Plaintiff "took numerous breaks while working on the" MMPI, and the Record demonstrates Plaintiff's anxiety increases when he is called upon to demonstrate his abilities.

The decision denying benefits is reversed, and the case is remanded for a calculation and award of benefits.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 7, 2008　　　　　　　　　　UNITED STATES DISTRICT COURT